R. M. MORRIS, Respondent, v. MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1903.

1. **Railroads:** KILLING STOCK: PLEADING: INSTRUCTION: ENTRANCE ON TRACK. A statement alleged that plaintiff's horses were killed at a public crossing. An instruction which merely submitted whether the horses were killed in consequence of not ringing the bell or sounding the whistle is condemned for omitting any reference to the place where the horses got upon the track.

2. **Appellate Practice:** BILL OF EXCEPTIONS: FADING: MOTION FOR NEW TRIAL. An original bill of exceptions is examined by the court and it is found that exceptions to the overruling of the motion for new trial were duly taken, although the bill at this point only was considerably faded.

Appeal from Boone Circuit Court. — *Hon. John A. Hockaday*, Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for appellant.

(1) There was, therefore, no evidence to warrant the giving of plaintiff's first instruction, nor to justify a submission of the case to the jury. (2) That instruction was farther defective in that it did not require the jury to find that the horses were struck on the crossing—in fact did not in any manner refer to the place of the killing at all. Maxey v. Railroad, 113 Mo. 1; Gurley v. Railroad, 104 Mo. 211; Dahlstrom v. Railroad, 96 Mo. 99; Wasson v. McCook, 80 Mo. App. 483.

*Webster Gordon* for respondent.

(1)   Under the respondent's view of this case the failure of appellant to except to the ruling of the trial court, on its motion for new trial, precludes any review of the rulings of which it complains.   Ross v. Railroad, 141 Mo. 390; In re Garrison v. Trust Co., 77 Mo. App. 337; Pattison v. Gallimore, 79 Mo. App. 457; Kirk v. Kane, 71 S. W. 463.

ELLISON, J.—This action is for damages alleged to have accrued to plaintiff by reason of defendant's train running against and killing two of his horses. The judgment in the trial court was for plaintiff.

The petition in the cause contains three counts, each charging a killing of the same horses.   The second charges that the horses were killed at or near a public crossing in consequence of the negligence of defendant in not ringing the bell or sounding the whistle of its locomotive, and concluded with a prayer for single damages.   The third count was for killing in an inclosed field at a point where the road was not fenced as required by statute and where there were no public crossings, and concluded with a prayer for double damages, as provided by statute.   The plaintiff dismissed the first count at the close of the evidence and the jury returned a verdict for him on the second count, and for defendant on the third count.   Whereupon, the court ordered judgment for the plaintiff on the second count and for defendant on the first and third counts.

The first instruction given for plaintiff was erroneous in that it omits any reference to where the horses got upon the track and merely submits the question whether they were killed in consequence of not ringing the bell or sounding the whistle.   The charge in the count of the petition upon which he recovered is that they were struck and killed at a public crossing.   The instruction should have been based on the case stated. Wasson v. McCook, 80 Mo. App. 488.

The point is made by plaintiff that defendant did not except to the court's action in overruling the motion for new trial. The defendant denies this, and on its motion there has been sent to us by the clerk of the Boone Circuit Court the original bill of exceptions. Defendant claims that exceptions were duly saved, and several affidavits (not denied by plaintiff) are filed here showing that to be the fact. These affidavits show that immediately following the filing of the motion for new trial is this entry: "Which motion was duly taken up and submitted to the court, and was by the court overruled; to which action of the court in overruling said motion to grant a new trial on the second count of the petition, the defendant duly excepted at the time." The bill of exceptions shows the same entry in plain typewriter type down to and including the words, "the defendant." The remaining words of the sentence, "duly excepted at the time," are not crossed out, but had become partially obliterated by fading, or otherwise. These words do not appear to have been touched with pen or ink, but by some means they have become quite obscure, yet they are not wholly obliterated. They are yet plain enough to be made out, and we consider the bill as showing that exceptions were saved.

The judgment is reversed and the cause remanded. The other judges concur.